**Adnan Asif USMANI and Margaret Powers, Petitioners–Appellants,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Acting Officer In Charge Ethan Enzer, Respondents–Appellees.**

No. 05–0965.

United States Court of Appeals, Second Circuit.

June 14, 2006.

James E. Swaine (Kristen Zaehringer, Intern, on the brief), New Haven, CT, for Petitioners.

Douglas P. Morabito, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Sandra S. Glover, Assistant United States Attorney, and Davon Collins, Intern, on the brief), New Haven, CT, for Respondents.

PRESENT: Hon. WALKER, Chief Judge, Hon. JON O. NEWMAN and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioners Adnan Asif Usmani and Margaret Powers appeal from the district court's January 20, 2005, judgment dismissing their petition for a writ of habeas corpus for lack of jurisdiction. Petitioners argue that Usmani's failure to exhaust his administrative remedies should be excused because (1) dismissing his petition would result in manifest injustice, (2) the BIA lacks authority to provide him any relief, and (3) exhaustion would have been futile. We assume the parties' familiarity with the facts and procedural history.

" '[H]abeas petitions that were pending before [the court of appeals] on the effective date of the Real ID Act are properly converted to petitions for review and retained by this court.'" *Gittens v. Menifee,* 428 F.3d 382, 385 (2d Cir.2005) (per curiam) (quoting *Bonhometre v. Gonzales,* 414 F.3d 442, 446 (3d Cir.2005)). The district court dismissed Usmani's habeas petition on January 20, 2005, and Usmani filed a timely notice of appeal on February 11, 2005. The REAL ID Act went into effect on May 11, 2005. *See* REAL ID Act of 2005, Pub.L. No. 109–13, div. B, 119 Stat. 231, 302. The petition was thus pending before this court when the REAL ID Act went into effect and is properly converted to a petition for review of the final agency determination. The final agency order with respect to Usmani is the immigration judge's ("IJ") June 22, 1998, order finding him deportable and granting him voluntary departure because Usmani never appealed that decision. 8 C.F.R. § 1003.39. It is this order that we review.

An alien who is granted voluntary departure and fails to depart within the time specified is ineligible for adjustment of status for a period of ten years. 8 U.S.C. § 1229c(d). Usmani was granted voluntary departure and was required to leave the United States by October 22, 1998. He concedes that he failed to do so. Usmani thus may not apply for adjustment of status based on his marriage to Powers until 2008.

Usmani contends that the ten-year bar does not apply to him because the IJ's order failed to comply with the requirement that "[t]he order permitting an alien to depart voluntarily shall inform the alien of the penalties" for failure to depart in a timely fashion, including the ten-year period of ineligibility for adjustment of status. 8 U.S.C. § 1229c(d)(3). While Usmani does not specify the nature of the infirmity of the notice of penalties the he received in his brief to this court, his argument to the district court was that the notice came from the immigration court, rather than from the IJ directly, and at oral argument he further contended that the notice was not contained in the order, as required by 8 U.S.C. § 1229c(d)(3). We see no requirement in the statute that the notice of

penalties for failure to depart come directly from the IJ. Instead, the voluntary departure order simply must inform the alien of those penalties. In Usmani's case, the IJ's order was accompanied by a written notice of the penalties for failure to depart. This form provided Usmani with notice of the repercussions of his decision to disregard his voluntary departure date and thus substantially satisfied the requirements of § 1229c(d)(3). That the notice of penalties provided to Usmani was signed by the court clerk, as the form contemplates, rather than by the IJ himself does not render that notice any less valid. Usmani is thus ineligible to apply for adjustment of status until 2008.

For the reasons set forth above, the petition for habeas corpus is converted to a petition for review and is **DENIED.**